## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL J. COKER, | ) | CASE NO. 5:16-cv-2925 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | |
| AKRON POLICE, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Nathaniel J. Coker filed this action against the Akron Police and "APD #1331." (Doc. No. 1 at 1). Plaintiff's complaint is nearly incomprehensible, and alleges only that he was stopped by an Akron Police Officer for a traffic offense. He does not clearly indicate the legal claims he is attempting to assert and does not specify the relief he seeks.

## I.    Background

In its entirety, Plaintiff's complaint states:

Nathaniel J. Coker, being duly sworn, say [sic] that, the Respondents, City of Akron, employees, et al, has [sic] taken oaths and should not be blasphemous with influential conspicuous in order to violate Civil and Constitutional Rights; it's Dereliction and Conspiracy. Coker, request, [sic] Freedom of Information. Complaint, Coker, assert, [sic] Akron Police, Judge, et al, has [sic] unceasingly, obstructed, hampered, impeded, on his Civil and Human Rights [Ref: Complaint filed with Akron Police, summer (year 2016); drug test and meetings every week, was under Duress and Coercion, Case # 16051469]. Also, November 12, 2016, Mr. Coker was stopped by Akron Police (APD 1331) for allegedly no light on license plate [attached ticket #A57445 Traffic Offense 02 Remarks (3), more conflict in ticket]. In conclusion: Herein show [sic] clear and convincing evidence, Akron Police, et al, conspired to fabricate probable cause that violate [sic] Civil and Constitutional rights; it's a crime.

(Doc. No. 1 at 1). He does not specify the relief he seeks from the Defendants.

## II.    Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.  Analysis

Plaintiff's complaint does not meet the basic notice pleading requirements needed to state a claim for relief. At a minimum, the complaint must give the defendants fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's complaint does neither of those things. He alleges he was stopped by an Akron Police Officer for having no license plate light, but provides no other factual allegations in his pleading. Furthermore, he states, without explanation, that Akron police conspired to fabricate probable cause. Conspiracy claims must be pled with some degree of specificity, and vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ... [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally

construed, the complaint does not meet the basic federal notice pleading requirements in Federal

Civil Procedure Rule 8.

### IV.    <u>Conclusion</u>

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.


Dated: March 13, 2017

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**